**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROLAND H. STEVENS,

        Plaintiff,                    Civil No. 2:14-11132
                                       HONORABLE GERALD E. ROSEN
v.                                  CHIEF UNITED STATES DISTRICT JUDGE

NEIL J. LEITHAUSER,

        Defendant,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  Introduction

Before the Court is Plaintiff Roland H. Stevens' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner currently confined at the Saginaw Correctional Facility in Freeland, Michigan.  For the reasons stated below, the complaint is **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II.  Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff was convicted of assault with intent to do great bodily harm and being an habitual offender in the Wayne County Circuit Court and was sentenced to seven to twenty years in prison.  Defendant was appointed to represent plaintiff as his appellate counsel on petitioner's appeal of right before the Michigan Court of Appeals.  Plaintiff alleges that defendant committed legal malpractice in the handling of his appeal.  Plaintiff specifically alleges that defendant was ineffective for failing to raise certain claims in his appeal brief, choosing to appeal only the trial court's scoring of the offense variables of the sentencing guidelines.  Plaintiff further appears to allege that defendant was deficient in failing to assist him with the preparation of his *pro se* supplemental Standard 4 brief that plaintiff wished to submit to the Michigan Court of Appeals in addition to counsel's brief.  On August 13, 2013, the Wayne County Circuit Court permitted defendant to withdraw as appellate

2

counsel for plaintiff and appointed new counsel.  Plaintiff claims that defendant's legal malpractice deprived him of a fair appeal.

## IV.  Discussion

Plaintiff's suit against his court appointed appellate attorney must be dismissed because it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

Court appointed attorneys or public defenders performing a lawyer's traditional functions as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317 (1981).  Even though the defective performance of a criminal defense attorney may cause the legal process to deprive an accused criminal defendant of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional action does not act under the color of state law within the meaning of § 1983.See *Briscoe v. Lahue*, 460 U.S. 325, 329, n. 6 (1983); *See also Floyd v. County of Kent,* 454 Fed. Appx. 493, 497 (6th Cir. 2012)(public defender could not be liable in *pro se* § 1983 suit for ineffective assistance of counsel brought by former client, as he did not act under color of state law when performing traditional functions as counsel for the accused); *Bomer v. Muechenheim*, 75 Fed. Appx. 998, 999 (6th Cir. 2003)(criminal defendant's appellate attorney was not state actor, and thus was not subject to suit under § 1983); *Dunning v. Yuetter,* 12 Fed. Appx. 282, 284 (6th Cir.  2001)(criminal defense attorneys did not act under color of state law, for purpose of § 1983); *White v. Robertson-Deming*, 9 Fed. Appx. 418, 419-20 (6th Cir. 2001)(state appellate defenders who represented inmate on appeal were not state actors for purpose of § 1983).

Because a court appointed attorney does not act under the color of law, a defendant

3

cannot maintain a § 1983 action against counsel based on a claim of ineffective assistance of counsel. *See e.g. Cudejko v. Goldstein,* 22 Fed. Appx. 484, 485 (6th Cir. 2001)(state court criminal defendant's private attorney was not "state actor," precluding defendant's § 1983 action against attorney alleging ineffective assistance of counsel).  The Court will dismiss the complaint because it fails to state a claim for which relief can be granted.

Finally, because plaintiff's complaint lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

## V. ORDER

**IT IS HEREBY ORDERED** that plaintiff''s complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  March 26, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 26, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

4